James A. Goodman  (SBN 89715)
jgoodman@ebglaw.com
Kevin D. Sullivan  (SBN 270343)
ksullivan@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:  (310) 556-8861
Facsimile:   (310) 553-2165

Neal F. Perryman (*pro hac vice forthcoming*)
nperryman@lewisrice.com
Justin M. Ladendorf (*pro hac vice forthcoming*)
jladendorf@lewisrice.com
LEWIS RICE LLC
600 Washington Ave., Ste. 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7661
Facsimile: (314) 612-7661

Attorneys for Defendant
WHELAN SECURITY OF CALIFORNIA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL ANTHONY GOTO, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHELAN SECURITY OF CALIFORNIA, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION<br><br>**DEFENDANT WHELAN SECURITY OF CALIFORNIA, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Whelan Security of California, Inc. ("Whelan"), by and through its undersigned counsel and, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files its Notice of Removal of the action styled *Michael Anthony Goto, individually and on behalf of those similarly situated v. Whelan Security of California, Inc. and Does 1 through 10, inclusive*, Case No. CGC-20-582164, filed in the Superior Court of the State of California, County of San Francisco, to the United States District Court, Northern District of California, San Francisco Division.  As grounds for removal, Whelan respectfully states as follows:

## INTRODUCTION

1. On or about January 10, 2020, Plaintiff Michael Anthony Goto ("Plaintiff") filed his Class Action Complaint (the "Original Complaint") in the Superior Court of the State of California, County of San Francisco, Case No. CGC-20-582164 (the "State Court Action").

2. On or about February 7, 2020, Plaintiff filed his First Amended Class Action Complaint and PAGA Representative Action (the "FAC") in the State Court Action.

3. A copy of the Original Complaint and the FAC are attached together hereto as Exhibit 1, along with a complete copy of the file from the State Court Action, all of which is incorporated herein by reference.

4. In the FAC, Plaintiff asserts a federal claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and certain state-law claims under the California Labor Code, the California Business and Professions Code, the California Investigative Consumer Reporting Agencies Act, and the California Private Attorney General Act, against Whelan and certain unidentified defendants referred to as "Does 1 through 10, inclusive."  (Ex. 1.)

5. None of the "Does 1 through 10, inclusive" has been identified in or served with the Original Complaint or the FAC.  (Ex. 1, Original Complaint & FAC.)

6. Whelan was served with a copy of the Original Complaint on or after January 13, 2020. Whelan has not been served with a copy of the FAC as of the date of the filing of this Notice of Removal.

7. This Notice of Removal is filed within thirty (30) days after Whelan was served with a copy of Plaintiff's Original Complaint and, thus, this action is timely removed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

8. As explained below, this action arises under the laws of the United States and jurisdiction is thus proper in this Court because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred on a federal enclave known as the Presidio of San Francisco and because Plaintiff's claim under the FCRA is a cause of action that is created by federal law.

9. Plaintiff originally filed this action in the Superior Court of the State of California, County of San Francisco. Venue is proper in this Court because the United States District Court for the Northern District of California, San Francisco Division is the "district court of the United States for the district and division within which [the State Court Action] is pending" and because, as explained below, a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in the County of San Francisco. 28 U.S.C. § 1446(a); Civil L.R. 3-2(d).

## STATE COURT ACTION

10. Whelan is a California-based corporation. (Ex. 1, FAC, at ¶ 6.)

11. Plaintiff's FAC alleges the following state-law claims:

   a. Alleged failure to pay overtime wages in violation of California Labor Code §§ 510 and 1194. (*Id.*, at ¶¶ 22–26.)

   b. Alleged failure to pay minimum and regular wages in violation of California Labor Code §§ 1194, 1194.2, and 1197. (*Id.*, at ¶¶ 27–33.)

   c. Alleged failure to provide rest periods or premium pay in violation of California Labor Code § 226.7. (*Id.*, at ¶¶ 34–37.)

   d. Alleged failure to pay vacation pay in violation of California Labor Code § 227.3. (*Id.*, at ¶¶ 38–41.)

1           e.      Alleged failure to pay wages within the required time in violation of California Labor Code §§ 201, 202, and 203.  (*Id.*, at ¶¶ 42–45.)

         f.      Alleged failure to provide compliant itemized wage statements in violation of California Labor Code § 226.  (*Id.*, at ¶¶ 46–50.)

         g.      Alleged failure to reimburse business expenses in violation of California Labor Code § 2802.  (*Id.*, at ¶¶ 51–55.)

         h.      Alleged unfair competition in violation of California Business and Professions Code § 17200.  (*Id.*, at ¶¶ 56–64.)

         i.      Alleged failure to provide compliant background check authorization and disclosure forms in violation of California Investigative Consumer Reporting Agencies Act.  (*Id.*, at ¶¶ 81–95.)

         j.      Alleged civil penalties under the California Private Attorney General Act ("PAGA") based on alleged violations of the California Labor Code.  (*Id.*, at ¶¶ 96–160.)

12. Plaintiff's FAC also alleges a federal claim under the FCRA.  (*Id.*, at ¶¶ 65–80.)

13. In his Prayer for Relief, Plaintiff seeks, among other things: (a) "general damages and special damages including, but not limited to, unpaid minimum wages, agreed upon wages, overtime wages, and unreimbursed expenses"; (b) "reasonable attorney fees, costs of suit, and interest to the extent permitted by law"; (c) "liquidated damages pursuant to the Labor Code"; (d) "statutory penalties under Labor Code §§ 226 and 203 and other applicable Labor Code provisions"; (e) "restitution, injunctive relief, declaratory relief and other relief provided by Business and Professions Code § 17200 et seq."; (f) an order requiring disgorgement; (g) "an accounting to determine all money wrongfully obtained and held by Defendants"; (h) "an award of statutory damages" pursuant to 15 U.S.C. § 1681n(a)(1)(A) and other applicable provisions of the FCRA; (i) "an award of statutory damages" in the "amount of $10,000" pursuant to California Civil Code § 1786.50; (j) "an award of punitive damages" pursuant to 15 U.S.C. § 1681n(a)(2) and California Civil Code § 1786.50; (k) "civil penalties" under PAGA; (l) pre- and post-

1  judgment interest; and (m) other and further relief as the Court deems just and proper.  (*Id.*, Prayer
2  for Relief, at pp. 42–43.)

## FEDERAL QUESTION JURISDICTION

14. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, and this action may be removed to this Court pursuant 28 U.S.C. § 1441, because a substantial portion of the alleged events from which Plaintiff's claims arise took place on a federal enclave known as the Presidio of San Francisco and, in addition, because Plaintiff's FCRA claim constitutes a claim that arises under the laws of the United States.

15. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16. "An action 'arises under' federal law within the meaning of § 1331 if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1033 (N.D. Cal. 2005).

17. Plaintiff's state-law claims "may be treated as one[s] 'arising under' federal law" because "the vindication of the state-law right necessarily turns on some consideration of federal law," i.e., the federal enclave doctrine.  *See Kemp*, 423 F. Supp. 2d at 1033 (finding federal question jurisdiction existed over state-law unlawful detainer claim based on federal enclave doctrine).

18. The United States Constitution, art. I, § 8, cl. 17, known as the "federal enclave clause," provides that:

> The Congress shall have Power . . . To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State

| | |
|---|---|
| 1 | in which the Same shall be, for the Erection of Forts, Magazines, |
| 2 | Arsenals, dock-Yards, and other needful Buildings. |

*See also Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1153, 1156 (S.D. Cal. 2007) (referring to this constitutional provision as the "enclave clause").

19. Because "federal enclaves are under the exclusive jurisdiction of the United States," *see Kemp*, 423 F. Supp. 2d at 1034, "actions arising from events that take place in federal enclaves may be removed to the corresponding federal court" as a part of federal question jurisdiction. *Scott v. Does 1 through 100*, No. CV-12-06235-SJO (MANx), 2012 WL 13013026, at *2 (C.D. Cal. Oct. 25, 2012); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"); *Bell v. Arvin Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *2 (N.D. Cal. Apr. 2, 2012) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction.").

20. In determining whether federal question jurisdiction exists under the federal enclave doctrine, it is not necessary that all of the events potentially giving rise to the plaintiff's claims occurred on a federal enclave; rather, it is sufficient that "the majority of the pertinent events took place on a federal enclave." *Jamil v. Workforce Resources, LLC.*, No. 18:CV-JLS (NLS), 2018 WL 2298119, at *4 (S.D. Cal. May 21, 2018) (denying plaintiffs' motion to remand their California Labor Code and Business and Professions Code claims because the defendant employer demonstrated that "some of the events alleged in the Complaint" took place on a federal enclave); *Bell*, 2012 WL 1110001, at *2 ("In its Notice of Removal, Abex argued that federal jurisdiction was proper since at least some of these locations—which include various army bases—are federal enclaves. The Court agrees."); *Klausner v. Lucas Film Entm't Co.*, No. 09-03502 CW, 2010 WL 1038228, at *4 (N.D. Cal. Mar. 19, 2010) ("Here, Plaintiff began working on the Presidio in September, 2005. Although he was working in Marin County when he received his first negative performance evaluation, the vast majority of the alleged acts of discrimination took place on the Presidio. . . . Because Plaintiff's allegations of discrimination pertain to acts that took place on the Presidio, the federal enclave doctrine applies.").

21.     In both the Original Complaint and the FAC, Plaintiff alleges that venue is proper in the County of San Francisco because "a substantial number of events, obligations, and claims accrued or occurred in this county." (Ex. 1, Original Complaint & FAC, at ¶ 3.)

22.     The only job sites at which Plaintiff worked for Whelan in the County of San Francisco were all located at 1110 Gorgas Ave., San Francisco, California 94123, which is on the Presidio. (Declaration of Carrie Parker in Support of Whelan's Notice of Removal, ¶¶ 7–8.)

23.     Courts in this District have consistently recognized that the Presidio of San Francisco is a federal enclave subject to the exclusive jurisdiction of the United States. *E.g.*, *Kemp*, 423 F. Supp. 2d at 1034 ("The California Legislature 'c[e]de[d] to the United States of America exclusive jurisdiction' over the Presidio by statute in 1897. Cal. Stat. 1897, p. 51. It is not contested by the parties and case law supports that, when California ceded the Presidio to the United States, exclusive jurisdiction over that area was conferred upon the United States. *Standard Oil Co. v. Cal.,* 291 U.S. 242 (1934)."); *Totah v. Bies*, No. C 10-05956 CW, 2011 WL 1324471, at *2 (N.D. Cal. Apr. 6, 2011) ("The United States acquired exclusive jurisdiction over the Presidio in 1897, establishing it as a federal enclave."); *Klausner*, 2010 WL 1038228, at *2 ("In 1897, the California Legislature ceded the Presidio to the United States and exclusive jurisdiction over that area was conferred upon the United States."); *United States v. Perez*, No. CR-06-0001-MAG (MEJ), 2006 WL 2850018, at *2 (N.D. Cal. Oct. 4, 2006) ("It is settled law that California ceded exclusive jurisdiction over the Presidio to the United States by the California Legislative Act of 1897."). Additionally, concurrently with this Notice of Removal, Whelan has requested that the Court take judicial notice of the fact that the Presidio is a federal enclave.

24.     Because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred on a federal enclave, federal question jurisdiction exists in this case.

25.     Additionally, federal question jurisdiction exists in this case because federal statutes, 15 U.S.C. § 1681, *et seq.*, create Plaintiff's alleged cause of action under the FCRA.

## **SUPPLEMENTAL JURISDICTION**

26.     While Plaintiff alleges in the Complaint that a "substantial number of events, obligations, and claims accrued or occurred" in the County of San Francisco, *i.e.*, on the Presidio,

he also alleges that he worked at locations in San Anselmo, Nicasio, and "potentially other locations in California." (Ex. 1, Original Complaint & FAC, at ¶ 4.) This Court should exercise supplemental jurisdiction over these alleged non-Presidio based claims pursuant to 28 U.S.C. § 1367(a) for at least two reasons: (i) they raise the exact same issues regarding Whelan's alleged employment "practices or policies" and (ii) they are *de minimis* because Plaintiff worked less than 3% of his shifts at non-Presidio locations during the nearly seven-year period that he worked at Whelan. (Parker decl., at ¶¶ 5–6.)

**NOTICE**

27. Removal of this action is not prohibited by 28 U.S.C. § 1445.

28. Defendants "Does 1 through 10, inclusive" who are fictitiously named, unidentified, and upon whom service of process has not been effected, need not consent to removal of the State Court Action to federal court. *See* 28 U.S.C. 1446(b)(2)(A).

29. On this date, Whelan is filing a Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

30. Accordingly, this action may be properly removed to this Court, and no further proceedings should be had in the State Court Action.

31. The civil cover sheet is filed herewith.

WHEREFORE, Defendant Whelan Security of California, Inc. hereby removes this case to the United States District Court for the Northern District of California, San Francisco Division; requests that no further proceedings be had in the Superior Court of the State of California, County of San Francisco; and requests that this Court grant such other and further relief as it deems just and proper.

DATED: February 12, 2020

EPSTEIN BECKER & GREEN, P.C.
LEWIS RICE LLC

By: /s/ Kevin D. Sullivan
James A. Goodman
Kevin D. Sullivan
Neal F. Perryman (*pro hac vice forthcoming*)
Justin M. Ladendorf (*pro hac vice forthcoming*)
Attorneys for Defendant
WHELAN SECURITY OF CALIFORNIA, INC.