UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY GOTO,<br><br>  Plaintiff,<br><br>vs.<br><br>WHELAN SECURITY OF CALIFORNIA, INC.,<br><br>  Defendant. | Case No. 20-cv-01114-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Pending before the Court is Plaintiff Michael Anthony Goto's motion to remand. *See* Dkt. Nos. 17 ("Mot."), 18 ("Opp."), 19 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS** Plaintiff's motion.

## I. BACKGROUND

On January 10, 2020, Plaintiff filed this proposed class action in San Francisco County Superior Court against Defendant Whelan Security of California Inc. and DOES 1 through 10. *See* Dkt. No. 1-1 at 2. Plaintiff subsequently filed his first amended class action complaint ("FAC") on February 7, 2020. *Id*. at 29.

The operative complaint alleges that Plaintiff worked for Defendant in California from approximately April 2012 to October 2019, specifically as a non-exempt supervisor from about 2015 until October 2019. *See* FAC at ¶ 4. Plaintiff seeks to represent a class of "all other similarly situated current and former non-exempt and exempt supervisory and office employees of [Defendant] who worked in California and all individuals who were subjected to a background check by [Defendant]." *Id*. at ¶ 8. Plaintiff further seeks to represent the following classes and/or subclasses: (1) overtime wage class; (2) minimum and regular wage class; (3) vacation pay class; (4) rest period class; (5) wage statement class; (6) waiting time class; (7) unreimbursed expenses

class; and (8) background check class. *Id*.

In total, Plaintiff alleges twenty causes of action on behalf of himself and the putative class against Defendant for violations of the Fair Credit Reporting Act ("FCRA") and various California state law claims, including violations of labor laws, the California Investigative Consumer Reporting Agencies Act ("ICRAA"), and Private Attorneys General Act ("PAGA"). *See id.* at ¶¶ 1–2.

Defendant timely filed a notice of removal on February 12, 2020, asserting federal question and supplemental jurisdiction. *See* Dkt. No. 1 at ¶¶ 7-9. Defendant identified two bases for federal question jurisdiction. First, Plaintiff's FCRA cause of action arises under federal law. *Id*. at ¶ 8. Second, a substantial portion of the alleged events giving rise to Plaintiff's claims occurred on a federal enclave. *Id*.; *see also* Dkt. No. 3 at 2 (noting that "[a] number of courts have taken judicial notice of the fact that the Presidio is a federal enclave.").[1] Finally, Defendant asserted that the Court has supplemental jurisdiction over the remaining alleged events, even those that did not occur in the Presidio. Dkt. No. 1 at ¶ 26.

## II. LEGAL STANDARD

A defendant may remove any civil action to federal court where the district court would have original jurisdiction over the action. 28 U.S.C. § 1441; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To do so, a party seeking removal must file a notice of removal within 30 days of receiving the initial pleading or within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (b)(3). The notice must contain a "short and plain statement of the grounds for removal." *Id.* § 1446(a); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The removing party bears the burden of establishing removal jurisdiction. *Abrego Abrego*, 443 F.3d at 683–85; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that

---

[1] The Court takes judicial notice that the Presidio is a federal enclave. *See Kasperzyk v. Shetler Sec. Servs., Inc.*, Case No. 13-cv-3383-EMC, 2014 WL 31434, at *4 n.2 (N.D. Cal. Jan. 3, 2014); *Rosseter v. Indus. Light & Magic*, Case No. 08-cv-04545-WHA, 2009 WL 210452, at *1 (N.D. Cal. Jan. 27, 2009).

there is a "'strong presumption' against removal jurisdiction," and the removing party "always has the burden of establishing that removal is proper"). A plaintiff may seek to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there was a defect in the removal procedure. 28 U.S.C. § 1447(c). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

Plaintiff argues that the Court lacks jurisdiction over this action because he alleges only a "bare procedural violation" of the FCRA, such that he lacks standing, and he has not alleged that any claims occurred or arose on a federal enclave. *See* Mot. at 8–15. Additionally, Plaintiff argues that the Court should decline to extend supplemental jurisdiction where it lacks original jurisdiction. *See id.* at 15. The Court addresses each argument in turn.

### A. Federal Question Jurisdiction Under FCRA

Plaintiff argues that the Court lacks federal subject matter jurisdiction over the FCRA claim because Plaintiff does not have Article III standing. *See* Mot. at 12–15. Article III of the Constitution limits federal jurisdiction to "cases and controversies." *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). Standing is an essential element for a court to have federal subject matter jurisdiction over a "case or controversy." *Id*. A plaintiff must have: (1) suffered an injury in fact; (2) that is fairly traceable to the defendant; and (3) is likely to be redressed by a favorable judicial decision. *Id*. at 560–61. To establish "injury in fact," a plaintiff must show that they suffered an injury or invasion of a legally protected right that is concrete and particularized and actual or imminent (not hypothetical or conjectural). *Id*. at 560. Even for a statutory violation, as alleged here, plaintiff must establish a concrete injury. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Generally, a plaintiff cannot satisfy the injury in fact requirement with a bare allegation of a procedural violation of the FCRA. *See id.* at 1549–50.

Here, Plaintiff alleges that Defendant violated the FCRA by failing to provide a summary of rights notice, in violation of §§ 1681d(a)(1) and 1681g(c), and by failing to provide a disclosure in a "clear and conspicuous" manner that appears only "in a document that consists solely of the disclosure" as required by § 1681b(b)(2)(A). FAC at ¶¶ 66–80. Plaintiff does not specifically

3

1    allege that he was confused, misled, or otherwise harmed by these alleged violations, but instead
2    recites the FCRA requirements and states that Defendant failed to adhere to these requirements.
3    *See id.* at ¶¶ 67–69, 73, 74. Accordingly, the Court agrees that Plaintiff alleges only procedural
4    violations of §§ 1681d(a)(1) and 1681g(c). *See Alvarez v. Transitamerica Services, Inc.*, Case No.
5    18-cv-03106-EJD, 2019 WL 4644909, at *3 (N.D. Cal. Sept. 24, 2019) (finding that a "mere
6    recitation of FCRA violations and 'injury to statutory and procedural rights,' is neither actual nor
7    concrete because there is no showing of how the Plaintiff is affected"); *Mansapit v. Deluxe Corp.*,
8    Case No. 19-cv-00790-HSG, 2019 WL 2423423 (N.D. Cal. June 10, 2019) (finding that there was
9    no standing because the "complaint does not contain allegations of confusion, error, or other harm
10   from the alleged violations"); *Benton v. Clarity Services, Inc.*, Case No. 16-cv-06583-MMC, 2017
11   WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) (alleging that defendant failed to disclose source of
12   information in violation of 1681(g) or that information was inaccurate is a bare procedural
13   violation).[2]
14   Similarly, Plaintiff alleges only a procedural violation of § 1681b(b)(2)(A)'s stand-alone
15   disclosure document requirement. *See* FAC at ¶¶ 68–73. Plaintiff alleges that the disclosure
16   contained extraneous information, including "disclosures and information regarding state laws
17   other than the states where the individuals signed the disclosure and background check
18   authorization forms," as well as the following language: (1) "I understand that nothing herein shall
19   be construed as an offer of employment or contract for services;" (2) "I also certify the
20   information I provided on an [sic] in connection with this form is true, accurate and complete;" (3)

---

[2] Defendant points to *Limson v. Bridge Prop. Mgmt. Co.*, 416 F. Supp. 3d 972, 990-91 (N.D. Cal. 2019), to argue that Plaintiff's allegation that he was not provided with a summary of rights established Article III standing. *See* Opp. at 19. In *Limson*, the court found that plaintiff had alleged an informational injury through allegations that the defendant failed to provide a summary of rights notice, because the claimed violation "implicates the substantive rights that Congress created to allow individuals to verify the contents of credit reports and/or explain their contents." 416 F. Supp. 3d at 991. Additionally, the plaintiff in *Limson* alleged that they were harmed by Defendant's failure to provide a summary of rights under § 1681(a)(1) since they were required to "execute illegal contracts." *Id.* at 979. Significantly, as noted above, the majority of courts to confront the same question have held that alleging defendant's failure to provide a written summary of rights, without additional allegations of effect or harm, does not establish Article III standing. The Court finds the cases requiring some minimal allegations as to effect or harm more persuasive given the bare allegations presented in this case.

"a summary of your right under the Fair Credit Reporting Act, as well as certain state-specific notices, are also being provided to you;" and (4) "I agree that this form in original, faxed, photocopied or electronic (including electronically signed) form, will be valid for any background reports that may be requested by or on behalf of the Company." *Id*. at ¶ 70.

In *Syed v. M-I, LLC*, the Ninth Circuit found that the plaintiff had standing to bring a § 1681b(b)(2)(A)(i) claim where the plaintiff alleged that defendant violated the same FCRA requirement by including a liability waiver in the disclosure and authorization form. 853 F.3d 492, 499–500 (9th Cir. 2017). Importantly, the *Syed* plaintiff alleged the following:

> [Plaintiff] discovered Defendant['s] violation(s) within the last two years when he obtained and reviewed his personnel file from Defendant[] and discovered that Defendant[] had procured and/or caused to be procured a 'consumer report' regarding him for employment purposes based on the illegal disclosure and authorization form.

*See id.* at 499. Due to the plaintiff's allegedly belated discovery, the *Syed* court inferred he "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure." *Id.*

Plaintiff makes no similar allegations in this case. Instead, he parrots the language of the statute and contends that Defendant "obtained consumer reports and investigative consumer reports multiple times after the application process and during the employment of P[laintiff] and other Class members." FAC at ¶ 71. Plaintiff does not allege belated discovery of these reports or plead anything about his state of mind at all, and the Court thus cannot infer that Plaintiff is claiming that he was confused by the inclusion of the "extraneous language." *Id.* at ¶¶ 70–71. Because Plaintiff has pled no more than a bare procedural violation of the FCRA (which appears to have been an intentional choice), he does not have Article III standing and the Court lacks jurisdiction over this claim.

### B. Federal Enclave Doctrine

In its notice of removal, Defendant relied on the federal enclave doctrine to establish jurisdiction over Plaintiff's state law claims. *See* Dkt. No. 1 at ¶ 8. Actions arising from events that take place on federal enclaves may be tried in federal court because "federal enclaves are

under the exclusive jurisdiction of the United States." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005); *see also Kerr v. Delaware North Companies, Inc.*, Case No. 16-cv-01797-LJO-SAB, 2017 WL 880409, at *3 (E.D. Cal. Mar. 6, 2017) ("federal enclave jurisdiction revolves around 'the precise location of the events giving rise to the claims for relief'"). However, "[w]hen exposures allegedly occur partially inside and partially outside the boundaries of an enclave, an argument would surface that the state's interest increases proportionally, while the federal interest decreases." *Ballard v. Ameron International Corp.*, Case No. 16-cv-06074-JSC, 2016 WL 6216194, at *3 (N.D. Cal. Oct. 25, 2016).

Plaintiff contends that jurisdiction does not exist over the state law claims under the federal enclave doctrine because (1) the Presidio is never referenced in the FAC; (2) some claims are based on travel outside of the Presidio; and (3) Plaintiff is willing to stipulate in an amended complaint that the claims arise solely from "acts, omissions, and/or events that occurred outside of the Presidio." *See* Mot. at 9–12. In contrast, Defendant contends that the Court has federal subject matter jurisdiction because the majority of events that give rise to Plaintiff's claims occurred on the Presidio. *See* Dkt. No. 1 at ¶ 24.

Plaintiff alleges that he worked at various client locations including "San Anselmo, San Francisco, Nicasio, and potentially other locations in California." *See* FAC at ¶ 4. Defendant's notice of removal notes that Plaintiff spent about 97% of his time while employed at its location in the Presidio. *See* Dkt No. 1–2 ("Parker Decl.") ¶¶ 5-8. Significantly, however, Plaintiff does not assert that any of the work performed or injuries sustained by the putative class occurred or arose on the Presidio. Plaintiff never even mentions the Presidio in the FAC. *See generally* FAC. Plaintiff simply alleges that a "substantial number of events, obligations and claims accrued or occurred in [San Francisco] county." *See* FAC at ¶ 3. Additionally, Plaintiff alleges that he and the putative class members were not paid minimum wages or overtime for time spent driving "between two client locations in a workday," even "when they drove over 25 miles to a client's location," or for all "hours they were clocked in during a defined workday or workweek." *See id*. at ¶ 8.

The Court is guided by the principle that "plaintiff is the 'master' of [his] case, and if [he]

can maintain [his] claims on both state and federal grounds, [he] may ignore the federal question, assert only state claims, and defeat removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Plaintiff chose not to base his state law claims on conduct that occurred on a federal enclave. *See generally* FAC; *see also* Dkt. No. 17-4 ("Woodall Decl.") Ex. B (indicating that Plaintiff is willing to stipulate in an amended complaint that "the state law claims pleaded in this Complaint arise solely from acts, omissions, and/or events that occurred outside of the Presidio or any federal enclave").[3] Accordingly, remand is appropriate. *See Segura v. Griffcon*, Case No. 17-cv-01209-AGK-ESX, 2017 WL 4271206, at *3 (C.D. Cal. Sept. 25, 2017) (finding that remand was appropriate because plaintiff did not desire to assert claims for work performed on a federal enclave and was willing to enter into a stipulation confirming as much); *Schulz v. Crane Co.*, Case No. 13-cv-02370-KJM, 2014 WL 280361, at *1-2 (E.D. Cal. Jan. 23, 2014) (granting remand after plaintiffs filed an express waiver stating that they were waiving any claims against defendant that arose out of events occurring on federal jobsites).[4]

The FAC alleges that "[Plaintiff] and other Class members generally worked at the locations of [Defendant's] clients," but neither Plaintiff nor Defendant has provided any evidence regarding whether putative class members did or did not work outside of the Presidio. FAC at ¶ 12. Even if the Court accepts Defendant's contention that Plaintiff spent 97% of his time in the Presidio, it would be inappropriate for the Court to infer that a majority of instances that give rise to the claims occurred on the Presidio for the putative class. This is especially so because Plaintiff

---

[3] Although Defendant argues that Plaintiff is intentionally omitting pertinent facts to avoid federal jurisdiction, the Court is not convinced. *See* Opp. at 12. Plaintiff alleges that he and the putative class (1) were not compensated or reimbursed for driving between client locations or to a client location; (2) were not reimbursed for using their cell phones for business reasons; (3) were not paid "earned and accrued vacation pay;" (4) did not receive all wages due on termination or after resigning; and (5) did not receive compliant wage statements. Because these allegations are based on travel or events occurring at client sites outside of the Presidio, federal enclave jurisdiction does not apply.

[4] Defendant contends that Plaintiff's proposed stipulation does not destroy federal enclave jurisdiction because he failed to "expressly and unequivocally disclaim[] 'any' 'claims, damages, or remedies' that 'arise by virtue of his' employment at the Presidio or that are based on any 'acts, omissions' and/or events over which federal enclave jurisdiction exists." *See* Opp. at 17. However, the Court finds that Plaintiff's stipulation sufficiently shows that he is not pursuing claims that "occurred at the Presidio . . . or arise from any work performed at the Presidio," *see* Woodall Decl. Exh. B at 3, and that no more is required.

basis the majority of his labor claims on the failure to pay wages or overtime for the time spent driving to and from the client sites, which he alleges in some instances involved a trip of over 25 miles. This necessarily spans more than the Presidio area, increasing the state's interest in this case. *See Ballard*, 2016 WL 6216194, at *3.

Based on the materials submitted to the Court, Plaintiff has indicated that he does not intend to base his state claims on time worked at the Presidio client site, nor do the allegations clearly implicate such conduct. As a result, the Court does not have jurisdiction over the California state law claims based on the federal enclave doctrine.

### C. Supplemental Jurisdiction

Section 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C § 1367(a). However, as explained above, the Court lacks original jurisdiction under the two bases identified by Defendant. Thus, the Court does not have supplemental jurisdiction over the state law claims.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's motion to remand. The case is remanded to the San Francisco County Superior Court. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 8/11/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

8